UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X 22-cv-05422-GRB-LGD
BLUE CASTLE (CAYMAN) LTD.,

                              Plaintiff,

-against -

WICKAPOGUE 1, LLC, NICOLE GALLAGHER,      **DECLARATION**
MARK GALLAGHER,
HUGH BAUERS CONTRACTING, INC.,
TITLE, LLC, ST. ANDREWS CAPITAL, LLC,
LISA GROSSMAN, BRYAN GEFFEN, and
"JOHN DOE #1" through "JOHN DOE #20,"
the twenty names being fictitious and unknown,
the persons or parties intended being the tenants,
occupants, persons or corporations, if any,
having or claiming an interest upon the Property.

                              Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK ) ss.:

COUNTY OF SUFFOLK )

      Mark Gallagher, being duly sworn, deposes and says:

    1. I am a defendant in the above-entitled action and submit this Declaration in support of the instant **Order to Show Cause** seeking a vacatur of default entered against Wickapogue 1 LLC, Nicole Gallagher, and myself, and to restrain and enjoin the plaintiff, its counsel or any entity acting on behalf of the plaintiff from removing the above-mentioned defendants from the subject property located at 145 Wickapogue Rd, Southampton pending a resolution of this matter.

    2. On February 7, 2020, the Senior Loan, in the principal amount of $3,250,000.00 and Building Loan in the principal amount of $2,500,000.00 were consolidated and the principal balance owed as of that date was $5,299,218.86.

    3. However, $877,518.00 was held back by the Lender as evidenced by Form N- Hard Copy

Costs, which is a form that shows all the payments made by the Lender under the aggregate loan. See annexed hereto as *Exhibit H*, Form N- Hard Copy Costs.

4. There was an available balance of $778,425.00 in the Totals column and that amount was never paid for from the proceeds of the loan but refers to the balance being held back by the Lender.

5. On 1/15/21 we received $79,568.00 from the lender and on 02/25/21 we received another $71,339.00 from the lender, which lowered the available balance to $627,518.00.

6. However, Line 54 of the Form N- Hard Copy Costs lists $250,000.00 as a miscellaneous line item but that amount was not part of the loan proceeds but our personal funds we used toward the construction of the subject property. The lender added $250,000.00 to the net proceeds paid to us but in fact those were not the lender's funds.

7. Therefore, the total monies from the principal loan amount $5,299,218.86 that was never paid to us was $877,518.00 ($778,425.00-$79,568.00-$71,339.00+$250,000.00)

8. On February 23, 2021, Wickapogue 1 LLC entered into a Loan Modification Agreement, which was guaranteed by Nicole Gallagher and myself.

9. The Maturity Date was extended through October 1, 2021 and there was an extension fee in the amount of $53,992.19 which was charged upon the execution of the Loan Modification Agreement.

10. We did not intend to default in the current action and our attorney, George Cavales, Esq was attempting to resolve the matter by way of example, commencing an action in the Supreme Court of Suffolk County and seeking a preliminary injunction for stopping the sale of the membership interest of Wickapogue 1 LLC.

11. I understand currently that when calculated using the net proceeds of the loan, the interest

2

rate is actually 32.15%, which is usurious.

12. I respectfully request that the Court vacate the default entered against Wickapogue 1 LLC, Mark Gallagher and Nicole Gallagher so that we may interpose an answer and assert the defense of criminal usury.

13. The plaintiff secured a bid for 100% of the membership interest in Wickapogue 1 LLC, and assigned the bid to Wickapogue Beach LLC, which then filed for Chapter 11 Bankruptcy and sent us the demand to vacate the premises letter dated March 29, 2023.

14. Specifically, I, along with Nicole Gallagher and Wickapogue 1 LLC, received a letter on the afternoon of March 29, 2023, demanding that we vacate the subject premises by midnight on March 30, 2023.

15. I am concerned if the preliminary injunction is not granted, the plaintiff in this action may seek an Order to evict us, without giving us an opportunity to assert our defense in this action, and they will move forward with the sale of the premises using the bankruptcy action as an avenue to do so.

16. Therefore, I respectfully request that the preliminary injunction be granted so that the plaintiff is unable to evict me from the subject premises pending a resolution of this Action.

*/s/ Mark Gallagher*
Mark Gallagher

Sworn to me before this
31st day of March, 2023

MICHAEL AHARONI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AH6284340
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES JUNE 17, 2025